CLD-019                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2591
_____

In re:  WILLIAM RICHARDSON,

Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2:16-cr-00139-006)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 28, 2021

Before:  AMBRO, SHWARTZ and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 8, 2021)
_____

OPINION[*]
_____

PER CURIAM

William Richardson pleaded guilty to several drug and fraud offenses. He is

awaiting sentencing in the United States District Court for the Western District of

Pennsylvania.

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Although Richardson is represented by counsel, he has filed in the District Court several pro se applications for relief. One of those applications—titled "Motion pursuant to stop denying defendant access to the court, in violation of his 1st due process of the 5th and 14th constitutional amendment, pursuant to 18 U.S.C.S. [§] 2071" (the pro se Motion)—challenged the indictment and baldly asserted that the District Judge conspired with the Government and the Chief Judge of this Court to violate Richardson's rights. The District Court entered an order dismissing the pro se Motion and another application without prejudice to reassertion by Richardson's counsel. Richardson did not appeal.

Richardson has now in this Court filed a pro se petition for a writ of mandamus, to which a copy of the pro se Motion is appended. The petition appears to be a repackaging of the arguments contained in the pro se Motion, including the argument challenging the validity of the indictment in Richardson's case.

There are many reasons to reject Richardson's transparent attempt to collaterally challenge the indictment and, by extension, his guilty plea in advance of sentencing. But it is enough to rely on either of these two reasons: (1) mandamus is not a substitute for an unrealized appeal of the District Court's order dismissing the pro se Motion without prejudice, cf. Schlagenhauf v. Holder, 379 U.S. 104, 110 (1964); and (2) mandamus is a drastic remedy available only in the most extraordinary of circumstances, see In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005), and no such circumstances are presented here.

Accordingly, Richardson's petition for a writ of mandamus will be denied.